LITTLER MENDELSON
A Professional Corporation
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS KENNEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>IEH AUTO PARTS, LLC, SCOTT SANGREY and JOSEPH CASSARELLA,<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

　　　　Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants IEH Auto Parts, LLC, Scott Sangrey and Joseph Cassarella (collectively, "Defendants") hereby give notice of their removal of this action from the Burlington County, New Jersey, Superior Court, to the United States District Court for the District of New Jersey.  As grounds for removal, Defendants state as follows:

　　　　1.　　　On September 19, 2016, Plaintiff Thomas Kenney ("Plaintiff") commenced a civil action against Defendants in the Burlington County, New Jersey, Superior Court, docketed at Case No. BUR-L-1964-16.  A copy of the Complaint, which was served on Defendants on December 6, 2016 is attached as Exhibit A.  No other pleading or discovery has been served or filed in this action, and no other court order has been entered.

2. A copy of this Notice of Removal, with accompanying exhibits, and a Notice to State Court of Removal, are being served upon Plaintiff's attorney and will be filed with the Clerk of the Burlington County, New Jersey, Superior Court promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

3. This case is subject to removal to this Court based on diversity jurisdiction. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. Both of the requirements for subject matter jurisdiction based on diversity are met in this case.

4. **The Parties are diverse.** Plaintiff is a resident (and therefore citizen) of New Jersey. (Complaint ¶1). Defendant IEH Auto Parts, LLC ("IEH") is a limited liability company and therefore has the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members."). The sole member of IEH is IEH Auto Parts Holding LLC, which is a Delaware limited liability company. The sole member of IEH Auto Parts Holding LLC is IEP Auto Holdings LLC, which is also a Delaware limited liability company. The sole member of IEP Auto Holdings LLC is American Entertainment Properties Corporation, which is incorporated under the laws of the State of Delaware and has its principal place of business in Nevada. IEH is therefore a citizen of Delaware and Nevada, and diversity exists in this case. *Id.* (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)) ("'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC"); 28 U.S.C. § 1332(c)(1).

5. Defendant Joseph Cassarella is a resident and citizen of Connecticut.

6. Defendant Scott Sangrey is a resident and citizen of Georgia.

7. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Plaintiff and Defendants at the time Plaintiff commenced this action, and continues to exist as of the time of filing this Notice of Removal.

8. **The amount in controversy exceeds $75,000.** It is plausible from the allegations in the Complaint that Plaintiff is seeking more than $75,000. As a threshold matter, Plaintiff explicitly does not limit his recovery to under $75,000. To the contrary, Plaintiff asserts two counts in the Complaint against Defendants, and seeks compensatory and punitive damages. (*See generally* Complaint, Wherefore Clause). Plaintiff also seeks attorneys' fees on each count, which must also be taken into account when determining whether the amount in controversy is met. (*Id.*); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). A rate of thirty percent of the judgment generally is aggregated with the claimed damages on account of attorney's fees to determine the total amount in controversy. *Frederico v. Home Depot*, 507 F. 3d 188, 199 (3d Cir. 2007). Thus, based on Plaintiff's requested relief, he is seeking an amount in excess of $75,000, exclusive of interest and costs.

9. Defendants have therefore met their burden of demonstrating that it is "more probable than not" that the amount in controversy at the time of removal exceeds the jurisdictional minimum. *Mercante v. Preston Trucking Co.*, No. 96-5904, 1997 U.S. Dist. LEXIS 6120, *7 (E.D. Pa. May 2, 1997) (finding defendant need only show by a preponderance of the evidence – that it is more probable than not – that plaintiff's claim exceeds the jurisdictional minimum).

10. This is a civil action brought in the Burlington County, New Jersey, Superior Court. Under 28 U.S.C. § 110 and § 1441(a), the United States District Court for the District of New Jersey, is the proper forum for removal.

11. Fewer than thirty (30) days have passed since Defendants were served with the Complaint and Summons in this case. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

12. This Notice of Removal has been signed by counsel for Defendants in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the action now pending in the Burlington County, New Jersey, Superior Court be removed to this Court in accordance with the foregoing statutory provisions.

                                                Respectfully submitted,

                                                */s/ Rachel Fendell Satinsky*
                                                Nina K. Markey (Bar No. 047592005)
                                                Rachel Fendell Satinsky (Bar No. 017002010)
                                                LITTLER MENDELSON
                                                A Professional Corporation
                                                1601 Cherry Street, Suite 1400
                                                Philadelphia, PA  19102.1321
                                                267.402.3000 (t)
                                                267.402.3131 (f)
                                                nmarkey@littler.com
                                                rsatinsky@littler.com

                                                Attorneys for Defendants

Dated:  December 29, 2016

# EXHIBIT A

Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, New Jersey 08530
(609) 243-0300 Attorneys for Plaintiff
ID# 0078119977



| | |
|---|---|
| THOMAS KENNEY,<br><br>    Plaintiff,<br><br>v.<br><br>IEH AUTO PARTS, LLC; SCOTT SANGREY; JOSEPH CASSARELLA;<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BURLINGTON COUNTY<br>DOCKET NO.: BUR-L-1964-16<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

    Plaintiff Thomas Kenney, by way of Complaint against Defendant IEH Auto Parts, LLC, states and alleges as follows:

### PARTIES

    1.    Plaintiff Thomas Kenney is a natural person residing at 129 Kingsbridge Drive, Lumberton, New Jersey 08048. At the time of his unlawful termination by Defendants, Mr. Kenney was employed by IEH Auto Parts, LLC as an Operations Manager.

    2.    Defendant IEH Auto Parts, LLC (hereafter "IEH") owns and operates Auto Plus, a leading automotive aftermarket company. Auto Plus maintains hundreds of facilities across the country, including the one located at 901 North Lenola Road, Moorestown, New Jersey 08057. IEH is headquartered at 1155 Roberts Boulevard, Kennesaw, Georgia 30144.

    3.    At all relevant times, Defendant Scott Sangrey was VP of Supply Chain Logistics for IEH and Mr. Kenney's superior.

    4.    At all relevant times, Defendant Joseph Cassarella was Regional Manager for IEH and Mr. Kenney's direct supervisor.

## **BACKGROUND FACTS**

5. Plaintiff Thomas Kenney was born on March 13, 1953. As of the date of this Complaint, he is 63 years old.

6. Defendant IEH became Mr. Kenney's employer via the acquisition of Uni-Select USA, Inc. ("Uni-Select"). Mr. Kenney was first hired by Uni-Select in November of 2011 as Operations Manager for its facility in or around Buffalo, New York.

7. In 2012, Uni-Select's Operations Manager for its Moorestown, New Jersey facility left the company. As a result, Uni-Select made Mr. Kenney responsible for both the Buffalo and Moorestown facilities for a period of approximately four months. Finally, in 2013, Mr. Kenney moved to Moorestown and became Operations Manager for that facility.

8. At all relevant times, Mr. Kenney performed his job duties in an exemplary fashion. Until the unlawful discrimination alleged below, he always earned good performance reviews and had never been subject to written discipline.

9. In April of 2015, IEH acquired Uni-Select and incorporated it into its Auto Plus business. Mr. Kenney thus became Operations Manager for the re-named Auto Plus facility in Moorestown.

10. Since Defendant's acquisition of Uni-Select, Defendant has embarked on a campaign of targeting and shortly thereafter terminating older workers. To name just a few from this growing list, Defendant has terminated: George Keim (age 66); Jack Despin (age 60); Art Anderson (age 60); Randy Thompson (age 55); Bill Yex (age 56); Bill Thompson (age 56); and Marian Mullen (age 56).

11. Shortly after IEH's acquisition of Uni-Select, Mr. Kenney likewise became a target for termination due to his age.

2

12. Bill Thompson was Mr. Kenney's Regional Manager since 2012. Mr. Thompson worked well with Mr. Kenney and rated him as "meeting expectations" across all metrics in his performance review for the year 2014.

13. IEH terminated Mr. Thompson in or around June of 2015. Mr. Thompson was in his late fifties when he was fired. From June 2015 to approximately February 2016, IEH did not hire a replacement Regional Manager, leaving Mr. Kenney without an official supervisor.

14. In or around September or October of 2015, IEH hired Peter Bednarzyk as Senior VP of Supply Chain for Auto Plus. Shortly after he was hired, Mr. Bednarzyk paid a visit to Mr. Kenney at the Moorestown facility. Although he had just met Mr. Kenney and was not familiar with the particular challenges faced by the Moorestown facility, such as a lack of supervisory staffing, Mr. Bednarzyk saw fit to criticize Mr. Kenney in front of his Warehouse Manager, his IT Manager, and many assembled employees.

15. In fact, in front of the Warehouse Manager, the IT Manager, and other assembled employees, Mr. Bednarzyk ordered Mr. Kenney to drop to the ground on all fours and push a length of rope. Purportedly, this was so that Mr. Bednarzyk could "illustrate" a metaphor about how to move product through the supply chain. In reality, it was nothing more than a cheap stunt clearly meant to humiliate Mr. Kenney in front of his peers and subordinates.

16. In or around February of 2016, IEH hired Scott Sangrey as VP of Supply Chain Logistics. In or around mid-February 2016, Mr. Sangrey assigned Marian Mullen as Interim Regional Manager for the Moorestown facility. Ms. Mullen was approximately 56 years of age.

17. Ms. Mullen and Mr. Kenney worked well and constructively together. However, after only a month of observing their work relationship, Mr. Sangrey transferred Ms. Mullen to another facility. Subsequently, like Mr. Thompson, Ms. Mullen was terminated.

3

18. Mr. Sangrey replaced Ms. Mullen with Joseph Cassarella. Initially, Mr. Cassarella worked well with Mr. Kenney and gave him positive feedback.

19. At this point, Mr. Sangrey moved to terminate Mr. Kenney, using Mr. Cassarella as his flunky and mouthpiece.

20. Specifically, in late April 2016, the Moorestown facility faced a deadline for changing over several product lines from one manufacturer to another. However, the new manufacturer sent at least a third fewer employees to Moorestown than it had promised to assist with the changeover. Further, Mr. Kenney had reported and documented for months that the Moorestown facility was understaffed relative to its volume of business.

21. As a result, Mr. Kenney contacted Mr. Cassarella on the Saturday prior to the changeover's Monday deadline, and informed Mr. Cassarella that he didn't predict the deadline would be met due to the manpower shortage. Over the phone and speaking privately to Mr. Kenney, Mr. Cassarella was sympathetic, stating "you can only do what you can do." He told Mr. Kenney that if he didn't think it was possible to meet the deadline, he should simply email management and inform them. Mr. Cassarella did not express that he was upset with Mr. Kenney in any way.

22. After this conversation, and exactly as Mr. Cassarella instructed, Mr. Kenney sent an email to management, including Mr. Sangrey, letting them know that the changeover project would be delayed due to lack of manpower. Shortly thereafter, an irate Mr. Sangrey called Mr. Kenney at his residence and angrily berated him for the email.

23. On April 26, 2016, Mr. Cassarella reversed course entirely and issued Mr. Kenney the first written disciplinary action of his career. The disciplinary action amounted to a written warning regarding Mr. Kenney's handling of the changeover project, despite the fact that, as the notice itself states, Mr. Kenney "completed the assignment admirably."

4

24. On April 29, 2016, just a couple days after issuing Mr. Kenney his first disciplinary notice, Mr. Cassarella admitted to Mr. Kenney in an email that Moorestown was understaffed and in need of more supervisors on the floor. While both Mr. Kenney and Mr. Cassarella requested more supervisors, Mr. Sangrey foiled their efforts by not approving any supervisory hires.

25. Despite agreeing with Mr. Kenney that Moorestown was understaffed, on May 26, 2016, Mr. Cassarella <u>again</u> reversed course and issued Mr. Kenney a final written warning for, in part, purportedly failing to meet certain productivity metrics.

26. Subsequently, Mr. Kenney communicated with Ms. Mullen, his former Regional Manager. Ms. Mullen informed Mr. Kenney that Mr. Cassarella had called her after he issued the final written warning to Mr. Kenney. He told Ms. Mullen: "This is what Sangrey wanted done."

27. On June 13, 2016, at the end of the day, Mr. Cassarella called Mr. Kenney aside for a meeting with himself and Mr. Sangrey. Mr. Cassarella began by stating words to the effect of: "Look, I'm not going to beat around the bush. Here's your options: resign, or we're going to fire you." To emphasize his point, Mr. Cassarella opened up a file folder and displayed another disciplinary notice, purportedly directed at Mr. Kenney.

28. Accordingly, IEH terminated Mr. Kenney by compelling his resignation. Moreover, despite requesting and being promised an exit interview by VP of HR Elizabeth Johnson, Mr. Kenney was never given an exit interview.

29. Defendant IEH's stated reasons for terminating Mr. Kenney are bogus and a pretext for unlawful discrimination. Defendants fired Mr. Kenney due to his age, and as part of an orchestrated campaign to target older workers and replace them with younger hires.

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE NJLAD

30. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

31. Defendant terminated Mr. Kenney's employment because of his age in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (LAD). At the time of his termination, Mr. Kenney was 63 years old.

32. As a result of Defendant's unlawful conduct, Mr. Kenney has been subjected to job detriment and economic losses.

33. As a result of Defendant's unlawful conduct, Mr. Kenney has been subjected to emotional distress, pain, suffering, mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

a. Judgment in favor of the plaintiff and against the defendants;

b. Compensatory damages;

c. Punitive damages;

d. Attorneys fees;

e. Costs of suit;

f. Reinstatement and such additional relief as this Court deems just and equitable.

### COUNT II – AIDER AND ABETTOR LIABILITY AGAINST INDIVIDUAL DEFENDANTS SANGREY AND CASSARELLA

34. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

35. The individual defendants Scott Sangrey and Joseph Cassarrella aided and abetted in the age discrimination against Mr. Kenney, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (LAD).

6

36. As a result of Defendant Sangrey's and Cassarella's unlawful conduct, Mr. Kenney has been subjected to job detriment and economic losses.

37. As a result of Defendant Sangrey's and Cassarella's unlawful conduct, Mr. Kenney has been subjected to emotional distress, pain, suffering, mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

a. Judgment in favor of the plaintiff and against the defendants;

b. Compensatory damages;

c. Punitive damages;

d. Attorneys fees;

e. Costs of suit;

g. Reinstatement and such additional relief as this Court deems just and equitable.

Respectfully submitted,

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: September 14, 2016

7

### CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that this matter in controversy is not the subject of other actions pending in any court or arbitration proceedings, or any such contemplated other actions or arbitration proceedings.

_____
David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: September 14, 2016

### DESIGNATION OF TRIAL COUNSEL

David Zatuchni, Esq. is hereby designated as trial counsel in this matter.

_____
David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: September 14, 2016

8

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues and claims.

*[signature]*

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: September 14, 2016

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY
2016 SEP 19 AM 11: 36
RECEIVED
BY: 003

**Appendix XII-B1**



| | | |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT (CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>David Zatuchni | TELEPHONE NUMBER<br>(609) 243-0300 | COUNTY OF VENUE |
|---|---|---|
| FIRM NAME (if applicable)<br>Zatuchni & Associates | | DOCKET NUMBER (when available)<br>BUR-L-1964-16 |
| OFFICE ADDRESS<br>287 South Main Street<br>Lambertville, NJ 08530 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Thomas Kenney | CAPTION<br>Thomas Kenney v. IEH Auto Parts, LLC; Scott Sangrey; Joseph Cassarella |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>618 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ YES ■ No | IF YES, LIST DOCKET NUMBERS | |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) | ☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _[signature]_

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 518-2815
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   SEPTEMBER 21, 2016
                         RE:     KENNEY VS IEH AUTO PARTS
                         DOCKET: BUR L -001964 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN E. HARRINGTON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 518-2814.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                 ATT: DAVID ZATUCHNI
                                 ZATUCHNI & ASSOCIATES LLC
                                 287 S MAIN ST   STE 17
                                 LAMBERTVILLE     NJ 08530-1869


JUCN000
```

## CERTIFICATION OF SERVICE

I, Nina K. Markey, hereby certify that I caused the foregoing **Notice of Removal of Action** to be served via first class mail and email, upon the following:

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530

_____
Nina K. Markey

Dated: December 29, 2016

## CERTIFICATION OF SERVICE

I, Rachel Fendell Satinsky, hereby certify that I caused the foregoing **Notice of Removal of Action** to be served via first class mail and email, upon the following:

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530


　　　　　　　　　　　　　　　　　　　　*/s/ Rachel Fendell Satinsky*
　　　　　　　　　　　　　　　　　　　　Rachel Fendell Satinsky

Dated:  December 29, 2016